IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON COMITZ,

    Petitioner,

vs.                                                        No. CIV 24-0195 JB/GBW

RICK WHITTON, Warden (WNMCF/South), and
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Petitioner's Motion to Proceed in re: Habeas Corpus 2241, filed February 26, 2024 (Doc. 1)("Habeas Petition"); and (ii) the Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed March 20, 2024 (Doc. 3)("Motion"). Petitioner is incarcerated and proceeding pro se. See Habeas Petition at 1. He seeks to prosecute his Habeas Petition without prepaying the five-dollar habeas filing fee. See Motion at 1. The Court may grant such relief only where an inmate's "affidavit [and] . . . statement of . . . assets [demonstrates] that the [inmate] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Comitz' inmate financial statement reflects a balance of $588.03. See Motion at 5. The Court concludes that he can afford to prepay the five-dollar habeas filing fee and therefore must deny the Motion. Comitz shall pay the five-dollar habeas filing fee within thirty days of this Order's entry. The failure to comply timely with this Memorandum Opinion and Order will result in the dismissal of this action without further notice.

Comitz states that he seeks relief under 28 U.S.C. § 2241, and he raises the following claims: "ineffective assistance of counsel, exculpatory evidence; and prosecutorial misconduct."

Habeas Petition at 2.  He further states that his State Court habeas corpus petition "was denied without ruling on the merits of the issues raised in the petition."  Habeas Petition, at 2.  If Comitz wishes to challenge the validity of his state conviction or sentence, he should submit a completed petition under 28 U.S.C. § 2254.  See Naves v. Bigelow, 565 F. App'x 678, 679 n.1 (10th Cir. 2014)(stating that "[a] proceeding under § 2254 is the proper vehicle for a challenge to the validity of a conviction or sentence" in federal court).1  If Comitz wishes to challenge his sentence's execution, he should submit a completed petition under 28 U.S.C. § 2241.  See Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005)("[A] challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241.").  To prosecute his case, Comitz must amend his Habeas Petition by submitting his claims on a proper federal form that the Court will provide to him.  He must include the civil action number, No. CIV 24-0195 JB\GBW, on all papers he files.  Failure to timely cure both deficiencies, i.e., file an amended Habeas Petition on the proper federal form and pay the filing fee, will result in dismissal of this action without further notice.

**IT IS ORDERED** that: (i) the Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed March 20, 2024 (Doc. 3) is denied; (ii) within thirty days from

---

[1] Naves v. Bigelow, 565 F. App'x 678 (10th Cir. 2014), is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Naves v. Bigelow has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

entry this Memorandum Opinion and Order's entry, Petitioner shall (a) submit the five-dollar habeas filing fee; (b) file a completed habeas petition on the proper form; and (c) the Clerk's Office shall mail the Petitioner a blank 28 U.S.C. § 2241 habeas petition and a blank 28 U.S.C. § 2254 habeas petition.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jason Comitz

    *Petitioner, pro se*