IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON COMITZ,

    Petitioner,

vs.                                                                              No. CIV 24-0195 JB/GBW

RICK WHITTON, Warden (WNMCF/South),
and ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the Petitioner's failure to pay the filing fee or to amend his Motion to Proceed in Re: Habeas Corpus 2241, filed February 26, 2024 (Doc. 1)("Petition"). The Court previously denied the request in Petitioner Jason Comitz' Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed March 20, 2024 (Doc. 3)("IFP Motion"), and directed Comitz to pay the $5.00 habeas filing fee within thirty days. See Memorandum Opinion and Order at 1, filed October 7, 2024, (Doc. 4)("IFP MOO"). The Court further directs Comitz to amend his Petition by submitting his claims on the proper federal form. See IFP MOO at 2. Because Comitz has not complied with or responded to the IFP MOO, the Court dismisses this habeas case without prejudice.

**BACKGROUND**

    Comitz is incarcerated and proceeding pro se. See Petition at 1. Comitz states that he seeks relief under 28 U.S.C. § 2241, and he raises the following claims: "Ineffective assistance of counsel, exculpatory evidence; and prosecutorial misconduct." See Habeas Petition at 2. He further states that his State Court habeas corpus petition "was denied without ruling on the merits

of the issues raised in the petition." Habeas Petition at 2.

Comitz also filed an IFP Motion seeking to prosecute his Habeas Corpus Petition without prepaying the $5.00 habeas filing fee. See IFP Motion at 1. The Court may only grant such relief where an inmate's "affidavit [and] . . . statement of . . . assets [demonstrates] that the [inmate] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Comitz' inmate financial statement reflects a balance of $588.03. See Account Transaction History at 7, filed March 20, 2024 (Doc. 3). In the IFP MOO, the Court concludes Comitz can afford to prepay the $5.00 habeas filing fee, denies Comitz' IFP Motion, and directs Comitz to pay the $5.00 habeas filing fee within thirty days. See IFP MOO at 1. The Court also advises Comitz of the differences between habeas corpus petitions under 28 U.S.C. § 2241 and 28 U.S.C. § 2254 and directs Comitz to amend his Petition within thirty days by submitting his claims on the proper federal form. See IFP MOO at 2 (further directing the Clerk's Office to mail Petitioner blank 28 U.S.C. § 2241 and 28 U.S.C. § 2254 habeas petitions). The Order warns that the failure to cure timely both deficiencies (i.e., file an amended Petition on the proper federal form and pay the filing fee) will result in dismissal of this action without further notice. See IFP MOO at 2.

The deadline for Comitz to pay the $5.00 habeas filing fee and file an amended petition was November 6, 2024. See IFP MOO at 1. Comitz has not paid the filing fee or filed an amended petition, shown cause for such failure, or otherwise responded to the IFP MOO. The Court, therefore, will analyze whether to dismiss this case for failure to prosecute and to comply with the IFP MOO.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil

Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002))("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'").  As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." See Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.  Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions."  Nasious v. Two Unknown

B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.

As noted above, Comitz has not paid the habeas filing fee, as 28 U.S.C. § 1915(a) and the IFP MOO requires. He also has not filed an amended petition as the IFP MOO directs. Nor has he shown cause for his inaction. In light of these failures, the Court dismisses this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204. After considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, the dismissal is without prejudice. To the extent necessary, the Court also denies a Certificate of Appealability ("COA") under rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, effective Feb. 1, 1977, as amended to Dec. 1, 2019, because the failure to prosecute this case is not reasonably debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000)(establishing that a district court may only issue a COA in habeas cases where "reasonable jurists would find the . . . assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that: (i) the Petitioner's Motion to Proceed in re: Habeas Corpus 2241, filed February 26, 2024 (Doc. 1), is dismissed without prejudice; (ii) the Court denies a COA; and (iii) the Court will enter a separate Final Judgment disposing of this case.

                                                 _____
                                                 UNITED STATES DISTRICT JUDGE

*Parties:*

Jason Comitz
Grants, New Mexico

    *Petitioner, pro se*